CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 23, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **REGINALD LAMONT JONES,** | ) | |
|     **Petitioner,** | ) | **Civil Action No. 7:26cv00446** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JOSEPH WALTERS,** | ) | **By:  Robert S. Ballou** |
|     **Respondent.** | ) | **United States District Judge** |

Reginald Lamont Jones, a Virginia inmate proceeding *pro se*, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his December 2025 conviction in the Circuit Court for the City of Roanoke, Virginia, for two counts of selling cocaine, second offense.  Upon review, I conclude that the petition must be summarily dismissed without prejudice based on Jones's concession that he has not exhausted his claims in state court.[1]

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court.  28 U.S.C. § 2254(b)(1)(A).  Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).  Specifically, a habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition."  *Kent v. Kuplinski*, 702 Fed.Appx 167, 169 (4th Cir. 2017) (citing *Sparrow v. Dir., Dep't of Corr.*, 439

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it plainly appears from the petitioner's submissions that he is not entitled to relief.

F.Supp.2d 584, 587 (E.D. Va. 2006).  The petitioner bears the burden of proof to show that he has exhausted state court remedies.  *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

In challenging his conviction, Jones asserts that the Virginia Criminal Code, specifically, 18.2-248, is void for vagueness.  However, he admits that he did not appeal his conviction or present any of these grounds for relief to the Supreme Court of Virginia.  His excuse for failing to do so is "because [Jones] took [his] plea and [is] just now finding a [sic] error."  Dkt. 1.  I am unpersuaded by this reasoning because "[j]ust as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement."  *Rose v. Lundy*, 455 U.S. 509, 520 (1982).  Both this court and the Fourth Circuit Court of Appeals have determined that a petitioner's *pro se* status or unfamiliarity with the law does not excuse a failure to follow the procedural requirements of § 2254.  *See Holloway v. Smith*, No. 95-7737, 1996 WL 160777, at *1 (4th Cir. Feb. 13, 1996) (unpublished); *Lovings v. Warden-Rosp*, No. 7:11-cv-00325, 2012 WL 525482, at *3 (W.D. Va. Feb. 15, 2012).  Thus, I will conclude the same here.

Accordingly, I will dismiss Jones's § 2254 petition without prejudice to allow him to pursue state court remedies.

A separate Order will be entered.

Enter:  June 22, 2026

/s/ *Robert S. Ballou*

Robert S. Ballou
United States District Judge